## ARMSTRONG et v MUIR CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2857.   Decided May 12, 1938

Louis A. Gertner, Columbus, for plaintiffs-appellants.

Wilson & Rector, Columbus, for defendant-appellee.

**OPINION**

By GEIGER, J.

The action was originally brought in the Municipal Court of the City of Columbus based upon an alleged breach of contract existing between the parties. It was submitted to the court without the intervention of a jury.

The plaintiff having requested the court to state in writing its conclusions of fact and law, finds its conclusions of fact substantially as follows:

(1) That the parties entered into a contract as alleged.

(2) That the plaintiffs have performed the conditions of the contract.

(3) Defendant breached the contract as follows:

(a) Defendant accepted negatives for enlarging which were not made by plaintiffs.

(b) On occasions enumerated the defendant did not pay the monthly amount due on the 15th of the succeeding month, the delay varying from six days to one day.

The court found as conclusions of law as follows:

(1) Time was not of the essence of the contract.

(2) By accepting the payments mentioned above plaintiffs waived breach of the contract in that regard.

(3) The provision in the contract for the payment of $200.00 damages for the breach of any section thereof is not "liquided damages" but a "penalty" and as such is not enforceable.

(4) There is no evidence of any damage suffered by plaintiffs by reason of any breach of the contract by defendant.

On the foregoing conclusions of fact and law the court finds the issues joined in favor of defendant, at plaintiffs' costs.

Such proceedings were further had in the Municipal and Common Pleas Courts as to lodge the case in this court, the Court of Common Pleas having sustained the judgment of the court below.

Appropriate assignments of error are set out in this court. The question presented by the pleadings and the record for our determination is whether or not the trial court erred in its finding that the defendant breached the contract in certain respects, but there was a waiver of such breach in respect to the time of payments and that as to damages, the amount provided in the contract was simply a penalty and that no showing having been made as to actual damages, the plaintiff was not entitled to recover even his costs.

We have no difficulty in arriving at the conclusion that if the trial court correctly found there was a breach of contract by the defendant that the court should have found in favor of the plaintiff, at least in nominal damages that would have carried the costs.

The more important and more difficult question is whether or not the court was correct in refusing to grant a judgment to the plaintiff under the contract by which there was an agreement to pay liquidated damages.

By the provisions of the contract the defendant, as party of the first part, agreed that the plaintiff, as party of the second part, should have the exclusive right to the developing and/or printing of all films and/or negatives, enlarging and all other services usually classed as photo finishing services, which party of the first part received at their stores in and about Columbus.

The rest of the contract related to amounts to be charged and dates when monthly payments were to be made, newspaper advertising and window displays to be made by party of the first part and other minor matters not of consequence.

It was provided:

"In the event of a breach of any section of this contract, by either party, it is mutually agreed that $200.00 shall be considered as liquidated damages to be paid by the party making such violation to the other party. It is further agreed that the sum of $200.00 is not to be final and conclusive as to the extent of the damages. If the actual damages to either party is in excess of said sum, this may be shown by competent evidence."

The plaintiff in its amended petition claims that the defendant has breached its contract.

(1) In that the defendant has failed to give plaintiff the exclusive right to make the enlargements as provided by the contract.

(2) Defendant has violated the contract by failing to give any space to photo finishing in newspaper advertisements for the year 1935.

(3) The defendant agreed to devote a reasonable amount of window space to photo finishing and did not carry out that agreement.

(4) The time for payment for services rendered by the plaintiff was made an essence of the contract and that the agreement was violated as set up in the petition. All of which is to plaintiffs' damage in the sum of $200.00 as provided in the contract and for which plaintiffs claim judgment.

In the answer the defendant admits that the parties entered into the contract but denies all other allegations.

The plaintiff claims that he should have recovered the full amount named in the contract as liquidated damages, while the defendant asserts that the amount claimed was, under the conditions disclosed, a sum fixed as a penalty and no evidence of loss having been shown, that no recovery could be had.

The defendants rely most heavily upon the following cases:

Miller v Blockberger, 111 Oh St 798; Norpac Realty Co. v Schackne, 107 Oh St 425; Berry v Wisdom, 3 Oh St 241; City of Elyria v Railway Company, 23 O.C.C. (N.S.) 578, as well as upon the principles set out in 13 O. Jur., 220, and upon the judgment of the Court of Common Pleas in which the court below was sustained.

The plaintiffs rely on 13 O. Jur., §5, page 65, §117, page 207-210 and other cases which need not be detailed except that of Jones v Stevens, 112 Oh St 43. The plaintiff also maintains that the court had no right to find that the delayed payments were waived unless a waiver be plead, which was not done.

The case of Norpac Realty Company v Schackne, supra, holds in substance, that where it is impossible for the parties to fix with any degree of certainty what damages may accrue under the contract, they may agree upon a stipulated amount as liquidated damages. The principle, however, is subject to the following qualifications: If the amount so agreed upon is

extravagantly unreasonable or manifestly disproportionate to the actual damages sustained, a court of equity will not enforce the provision for liquidated damages, but will regard it as a penalty.

In Miller v Blockberger, supra, it is held that in determining whether the sum provided to be paid for a breach is liquidated damages, or a penalty, a court will construe the contract by its four corners in the light of the situation of the parties at the time of the execution and from that will determine whether the damages which would be sustained by reason of the breach could, at the time of the execution, have been easily ascertained and in determining whether they were so ascertained will make proper computations to ascertain the purpose of the parties and that where the parties having in mind the damages compute with reference thereto and the sum stipulated bears a reasonable proportion to the damages which result from the breach, such stipulated sum will be considered as liquidated damages and where such sum stipulated is not unreasonable or unconscionable, and stipulated sum will be construed as liquidated damages and further that where a contract contains several covenants and the stipulated forfeiture is applicable alike to each covenant, and would become due on the breach of a single covenant, and is clearly a penalty as to any one covenant, it will be held a penalty as to all covenants.

In Jones v Stevens, 112 Oh St 43, it is held that to determine whether the sum named is intended as a penalty or as liquidated damages, it is necessary to look to the whole instrument and also as to the intent of the parties ascertained from the instrument itself and where the parties have agreed on the amount of damages ascertained by estimation and adjustment and have expressed this agreement in clear terms, the amount so fixed should be treated as liquidated damages and not as a penalty if the damages would be (1) uncertain as to amount and difficult of proof and if (2) the contract as a whole is not so manifestly disproportionate as to justify the conclusion that it does not express the true intention of the parties and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.

In order to ascertain the intention of the parties we must consider their relations with each other, the question whether or not the sum stated would be uncertain as to the amount and difficult of proof and whether or not the contract is unconscionable and disproportionate and so disproportionate as to justify the conclusion that it does not express the intention of the parties and whether or not it is consistent with the conclusion that it was the intention of the parties that the damages in the amount stated should follow the breach thereof. The contract itself provides that $200.00 shall be considered as "liquidated damages", thus showing the expressed intent of the parties.

There is provision in this contract in reference to the liquidated damages not often found in contracts of this nature. After stating that it is mutually agreed that $200.00 shall be considered as liquidated damages, it is further agreed that this sum of $200.00 is not to be final and conclusive as to the extent of damages. If the actual damage to either party is in excess of said sum, this may be shown by competent evidence. Reading this provision it is clear that the parties agreed that the minimum amount of liquidated damages should be $200.00 but to this sum, concerning which there could be no question, there might be added any actual damage that is in excess of said sum. The parties did not contract to the effect that the $200.00 should be regarded as a penalty and that recovery should be made only for the damages proved but that the $200.00 should be considered as liquidated damages to which further damages actually incurred in excess thereof could be added. It will also be observed that this contract differs from others in that it is not unilateral in respect to the recovery of liquidated damages. Either party may recover from the other the amount stipulated upon a proof of a violation of any of the provisions of the contract in favor of the party so seeking damages. If it is an unconscionable amount it is unconscionable as to both parties and no one has advantage of the other except as he may prove a breach of the contract by the party from whom he seeks to recover.

We are of the opinion that the sum is very modest in amount and could well be appropriate for the breach of any of the provisions of the contract and that there is no evidence that as to the breach of one provision it shall be regarded as a penalty rather than liquidated damages.

Without further discussion of the matter, we invite the careful reading of the cases that counsel have cited and which are mentioned in this opinion. We come to the conclusion that the trial court having found that there was a breach of contract by the defendant, should have awarded to the plaintiff the amount that the parties, by their contract, had agreed should be the measure of the damages.

Judgment reversed. Cause remanded to the Court of Common Pleas.

Coming to render the judgment that the trial court should have rendered, we find in favor of the plaintiff in the sum of $200.00 and costs.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.